JONES, Assignee, etc., *v.* WELLING.

*(District Court, S. D. New York.* May 28, 1883.)

AMENDMENT—LACHES—RULE 69 IN EQUITY.

> Leave to amend a bill of complaint in bankruptcy should not be granted in case of great laches where the application is made several years after knowledge of the facts, and after the testimony has been closed

Motion for Leave to Amend Bill of Complaint.

*J. W. Little* and *I. T. Williams,* for complainant.

*Wm. M. Denman,* for defendant.

BROWN, J. The complainant, having qualified as assignee of the bankrupt on the thirteenth of June, 1879, filed his bill of complaint in equity on the twenty-fifth of October, 1879, for the purpose of setting aside as fraudulent a certain assignment of a mortgage made by the bankrupt to the defendant prior to the proceedings in bankruptcy. An answer was filed on the second day of December, 1879, in which

it was pleaded that the action had not been commenced within two years, as required by section 5057. Thereafter, witnesses were examined on both sides, and the testimony substantially closed about three years since, although no formal order was entered to that effect. A motion is now made for leave to amend the complaint by inserting a clause that the alleged fraud was not discovered by the assignee until January, 1878, less than two years before filing the bill.

No precedent is cited for granting leave to amend by raising new issues after so long delay, and so long after the testimony has been substantially closed. The general interests of justice, the satisfactory trial of causes, the ascertainment of the truth, all demand the diligent prosecution of legal rights while the facts are fresh and within the memory of witnesses, and the truth more easily learned. *Speidell* v. *Henrici*, 15 Fed. Rep. 753. The sixty-ninth general rule in equity, limiting the time for taking testimony, is directed to this end; and in cases in bankruptcy the speedy settlement of estates, as designed by law, re-enforces the same policy. The twenty-ninth rule in equity requires, moreover, that it must appear that "the matter of the proposed amendment * * * could not with reasonable diligence have been sooner introduced into the bill." The present application is very far from complying with this rule. However much disposed in some respects I might be to grant this motion, the rules are intended to prevent such delays, and I am unwilling to set a precedent for what would seem to me a most unwise practice.

If testimony has already been taken in the cause concerning the non-discovery of the alleged fraud, without objection on the ground that it was not pleaded, the testimony will stand, and the pleadings will, on the trial, be deemed amended in conformity thereto. If such testimony was offered, and objected to on the ground that it was not pleaded, then the complainant had notice too long ago to apply for amendment now. If no such evidence was offered, the court should not allow new issues to be raised by amendment several years after the case has slumbered and slept upon the old ones.